IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMAR MOSLEY,

      Plaintiff,                       No. CIV S-05-1787 FCD KJM P

   vs.

ROSANNA CAMPBELL, et al.,

      Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.  By order filed March 16, 2007, plaintiff's complaint was dismissed with leave to file an amended complaint.  Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

/////

1

1         A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

        The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it fails to state a claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Plaintiff's amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

        If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's

constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

      Plaintiff seems to suggest the his right to practice his religion has been unlawfully curtailed.  However, plaintiff fails to indicate how.  It appears disciplinary proceedings were held concerning the length of plaintiff's beard, which plaintiff asserts he must maintain for religious reasons.  But plaintiff fails to indicate whether or how he was actually disciplined as a result of the proceedings.  In his second amended complaint, plaintiff must identify how he was injured as a result of defendants' conduct.

      Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

      Plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel

3

pursuant to 28 U.S.C. § 1915(e)(1).  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. Plaintiff's request for the appointment of counsel is denied.

4. The Clerk of Court is directed to send plaintiff the form for use in filing civil rights actions in this district.

DATED:  May 24, 2007.

_____
U.S. MAGISTRATE JUDGE

1
mosl1787.14b(4.4.07)