IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMAR MOSLEY,

    Plaintiff,                        No. CIV-S-05-1787 FCD KJM P

    vs.

ROSANNA CAMPBELL, et al.,

    Defendants.                FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a California prisoner proceeding pro se and in forma pauperis with an action filed under 42 U.S.C. § 1983. Defendants Campbell, Grannis, Hernandez, Arthur and Bunnel (defendants) are employees of the California Department of Corrections and Rehabilitation (CDCR). This action is proceeding on plaintiff's claims arising under the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA). See November 2, 2007 Order. Defendants' motion to dismiss plaintiff's second amended complaint is before the court.

        Defendants argue that plaintiff's second amended complaint fails to state a claim upon which relief can be granted under RLUIPA. In considering such a motion, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party

opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421. Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

   In his second amended complaint, plaintiff alleges that it is a central tenet of his Islamic faith that he grow a beard. Second Am. Compl. ¶ 5.[1] Plaintiff does not provide further detail as to what kind of beard his religion requires. While he was a prisoner at Mule Creek State Prison, a "CDC 115" was issued to plaintiff for violation of the CDCR grooming standards. Id. ¶ 15. The "CDC 115" form itself shows plaintiff was not disciplined because he grew his beard; indeed, he was allowed to grow a beard up to 1/4 inch in length. Rather, plaintiff was punished because he "designed" the beard differently from the manner in which it grew naturally. Id., Ex. D. Plaintiff does not allege that he ever actually was forced to cut his beard or that he suffered any consequences as a result of his receiving the "CDC 115," such as a more restrictive level of custody or loss of good conduct sentence credit. Moreover, it appears the "CDC 115" was eventually rescinded. See, e.g., id., Ex. A at 2. Plaintiff seeks monetary damages and declaratory relief. Id. at 10. He does not seek injunctive relief. Id.

   In order to state a claim for relief under RLUIPA plaintiff must allege that the exercise of his religion has been "substantially burdened." 42 U.S.C. § 2000cc-1. A "substantial burden" on "religious exercise" must impose a significantly great restriction or onus upon such exercise. Warsoldier v. Woodford, 418 F.3d 989, 995 (9th Cir. 2005). The facts identified above

---

[1] Plaintiff also has a skin condition that is irritated by shaving, and at the times relevant to this action had a medical chrono exempting him from the requirement of shaving to satisfy CDCR's grooming standards. Second Am. Compl., Ex. A at 2.

1   cannot be characterized as describing a "substantial burden" on plaintiff's exercise of his
2   religion.  Plaintiff does not allege that the enforcement of CDCR's grooming regulations against
3   him resulted in any denial of plaintiff's exercise of his religion.  Even if plaintiff did show that
4   his religion mandated that he design his beard in a particular way rather than letting it grow
5   naturally, he does not allege that this practice was burdened by the mere issuance of a "CDC
6   115," which, as plaintiff himself volunteers, was later rescinded.  See Sprewell v. Golden State
7   Warriors, 266 F.3d 979, 989, as amended, 275 F.3d 1187 (9th Cir. 2001) (by providing
8   documents that undermine allegations, a plaintiff can plead himself out of a claim).  Therefore,
9   the court will recommend that plaintiff's RLUIPA claim be dismissed.

10   While defendants do not specifically address plaintiff's First Amendment claim,
11   the court has the authority to dismiss any of plaintiff's claims at any time if the court finds the
12   failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  As
13   noted above, plaintiff does not allege he was denied the ability to exercise his religion while still
14   being in conformance with the requirement that he not "design" his beard.  Plaintiff also fails to
15   point to anything indicating the disciplinary actions taken by defendants resulted in any sort of
16   prohibition against the manner in which plaintiff grows his beard; only such prohibitions of the
17   free exercise of religion can violate the First Amendment.

18   For the foregoing reasons, the court will recommend that this action be dismissed
19   without the need of addressing the other arguments raised in defendants' motion to dismiss.

20   Accordingly, IT IS HEREBY RECOMMENDED that:

21   1.  Defendants' motion to dismiss (#28) be granted thereby dismissing plaintiff's
22   RLUIPA claims.

23   2.  Plaintiff's First Amendment claims be dismissed; and

24   3.  This case be closed.

25   These findings and recommendations are submitted to the United States District
26   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 14, 2008.

_____
U.S. MAGISTRATE JUDGE

1/pw
mosl1787.57

4